UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN TELLEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WARDEN, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-00170 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison officers at Salinas Valley State Prison ("SVSP"). Dkt. No. 1. Plaintiff filed a motion for leave to proceed in forma pauperis which will be addressed in a separate order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff names the following as Defendants: (1) John Doe #1, Director of Adult Institutions of CDCR; (2) SVSP's Warden; (3) John Doe #2, Chief of Plant Operations at SVSP; and (4) Sandoval, plumber at SVSP. Dkt. No. 1 at 5-6. Plaintiff claims that he suffered inhumane conditions for over 57 days due to plumbing and lack of power and lighting in his cell from March 17, 2022 to May 13, 2022. Id. at 6-10. The specific allegations are set forth as follows.

When Plaintiff first complained about leaks in his cell on March 17, 2022, the floor officer submitted a work order. Id. at 6. On March 19, 2022, Defendant Sandoval came in response to the work order but was unable to fix the problem; he stated that he would come back with a required part the next day but did not return. Id. at 7. Plaintiff requested another work order on March 27, 2022, when the problem remained unfixed. Id. On April 4, 2022, Defendant Sandoval returned but was again unable to fix the problem because of the missing part; he stated that he would order it. Id. Then on April 6, 2022, the power in Plaintiff's cell went out due to the leaks. Id. Another work order was submitted at his request. Id. On April 27, 2022, the toilet stopped working. Id. at 7-8. The next day, April 28, 2022, the "Plumber"[1] came and fixed the toilet which again broke the next day; however, the loss of power and the leaks were not fixed. Id. at 8. Another attempt to fix the toilet was made the following day, April 29, 2022, but without success; the toilet remained broken until May 5, 2022. Id. On May 6, 2022, Plaintiff was moved to the neighboring cell, which had the same exact problems, i.e., leak, broken toilet, and power outage. Id. Another work order was placed on May 7, 2022. Id. On May 12, 2022, the

---

[1] It is unclear whether this "Plumber" is Defendant Sandoval or another individual.

"Plumber"[2] came and fixed the toilet and leak, but Plaintiff still had no power or lights. Id. The light was fixed the next day, but not the lack of power. Id. at 9. Plaintiff claims the lack of power meant he could not cook water in the hot pot to make food, nor use his television or radio. Id. He also claims that the lack of light meant all he could do was lie down in the dark after sunset. Id. Plaintiff seeks damages. Id. at 10.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

Plumbing which deprives inmates of basic hygiene and seriously threatens inmates' physical and mental well-being amounts to cruel and unusual punishment. See Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985); Toussaint v. McCarthy, 597 F. Supp. 1388, 1409 (N.D. Cal. 1984).

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." Id. If a prison official should have been aware of the risk,

---

[2] See supra at 2, fn. 1.

3

but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

      Plaintiff appears to be attempting to state an Eighth Amendment claim for the inhumane conditions he experienced for approximately two months.  However, nowhere in the complaint does Plaintiff describe how the conditions seriously threatened his physical and mental well-being to amount to cruel and unusual punishment under the Eighth Amendment.  See Hoptowit, 753 F.2d at 783.  Even assuming that the conditions were objectively, sufficiently serious to satisfy the first element, the allegations do not to satisfy the second element for an Eighth Amendment claim.  Specifically, Plaintiff must allege that each named Defendant personally knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.  Farmer, 511 U.S. at 837.  However, the only Defendant who is specifically named and whose actions are described in Plaintiff's statements of facts is Defendant Sandoval, the plumber.  Dkt. No. 1 at 6-10.  Furthermore, there are no facts indicating that Defendant Sandoval was not only "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that he drew that inference.  Id.  With respect to the other Defendants, nowhere in his statement of facts does Plaintiff mention the Warden or the Chief of Plant Operations, or much less describe their knowledge or actions/inactions regarding Plaintiff's conditions of confinement.  Moreover, it is doubtful that the CDCR's Director of Adult Institutions was personally aware of Plaintiff and his specific circumstances to be liable.  Nevertheless, Plaintiff shall be granted leave to file an amended complaint to allege specific facts with respect to each named Defendant to support an Eighth Amendment claim.

      Regarding "John Doe" Defendants, the use of "John Doe" to identify a defendant is generally not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968).  However, situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an

opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Here, Plaintiff identifies John Doe Defendants by their title or position, i.e., "Director" and "Chief of Operations," such that, if such positions exist, their names should be readily identifiable with some minor research. Furthermore, Plaintiff must make sufficient allegations against these "John Doe" Defendants in the amended complaint that are sufficient to state an Eighth Amendment claim against them.

In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to attempt to correct the deficiencies discussed above. The amended complaint must include the caption and civil case number used in this order, Case No. 23-cv-000170 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent. Ramirez v. Cty. Of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

2. **Failure to respond in accordance with this order in the time provided will result in dismissal with prejudice of this action for failure to state a claim, without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** May 17, 2023

EDWARD J. DAVILA
United States District Judge